IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY ARNOLD ORSO, JR., #296904, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:21-CV-275-WHA-KFP |
| RUTH LYNCH, | ) ) ) |
| Defendant. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

This 42 U.S.C. §1983 action is pending before the Court on a Complaint filed by Ricky Arnold Orso, Jr., an indigent state inmate incarcerated at the Staton Correctional Facility. The Complaint challenges the constitutionality of legal representation provided to him by Ruth Lynch, an attorney retained to represent him in state criminal cases. Doc. 1 at 3–4; Doc. 1-1 at 1–2. Orso seeks a review of the state criminal cases and his release from prison. Doc. 1 at 4. Upon thorough review of the Complaint, the undersigned recommends that this case be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The Court granted Orso leave to proceed in forma pauperis in this case. Therefore, screening of the Complaint is required under 28 U.S.C. § 1915(e)(2)(B). This screening procedure empowers the Court to dismiss the Complaint prior to service of process if it determines that the claims raised are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## II. DISCUSSION

### A. Claims Against Attorney Ruth Lynch

Orso alleges Ruth Lynch, an attorney retained to represent him, violated his constitutional rights during state criminal proceedings. Doc. 1 at 3–4; Doc. 1-1 at 1–2. In accordance with applicable federal law, Orso is entitled to no relief on these claims under 42 U.S.C. § 1983. An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Willis v. Univ. Health Servs, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires *both* an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," *and* that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

*Am. Mfrs. Mut. Ins. Co.,* 526 U.S. at 49–50 (footnote omitted) (emphasis in original). Because Orso does not allege that Defendant Lynch is a state actor—and it is clear from the allegations in the Complaint that she is not—Plaintiff's § 1983 claims against her are due to be dismissed.

2

### B. Challenges to Convictions

Orso seeks relief from the sentences imposed for criminal convictions in the Circuit Court of Washington County, Alabama. Doc. 1 at 4; Doc. 1-1 at 2. Orso is entitled to no relief on these claims. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The Supreme Court has held that claims challenging the legality of a prisoner's incarceration are not cognizable in a § 1983 action "unless and until the conviction or sentence [or other basis for his incarceration] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing those claims must be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [or other order of incarceration.]" *Id.* at 487; *see also Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983"). Therefore, the rule of *Heck* is not limited to a request for damages but applies equally to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [Plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48).

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration by a state court is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting *Heck* directs that a state inmate "making a collateral attack on the conviction [or sentence] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute"). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker,* 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "[I]n *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the

4

target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007).

Under the circumstances of this case, *Heck* and its progeny bar Orso's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his incarceration imposed by the Circuit Court of Washington County. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, the claims presented by Orso that go to the fundamental legality of his incarceration for state criminal offenses are not cognizable and are subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). [2]

---

[2] Any federal habeas petition Orso files is subject to the procedural limitations imposed on those petitions, in particular, the proper exhaustion of state court remedies and the one-year period of limitation. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"); 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**III.     CONCLUSION**

Accordingly, the Magistrate Judge RECOMMENDS:

1.      Plaintiff's claims against Ruth Lynch be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

2.      Plaintiff's claims regarding the legality of his incarceration be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). It is further

ORDERED that on or before **April 28, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of April, 2021.

                                        /s/ Kelly Fitzgerald Pate
                                        KELLY FITZGERALD PATE
                                        UNITED STATES MAGISTRATE JUDGE